IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

City of Moundridge, Kansas, *et al.*,

    Plaintiffs,

v.

Exxon Mobil Corporation, *et al.*,

    Defendants.

Case No. 1:04CV00940
Judge Richard W. Roberts

## ORDER

AND NOW, this ____ day of _____, 2007, it is hereby ORDERED that "Plaintiffs' Motion for Leave to Amend Second Supplemental Complaint," filed on May 24, 2007, is GRANTED.

_____
Richard W. Roberts
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| City of Moundridge, Kansas, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Exxon Mobil Corporation, *et al.*, <br><br> Defendants. | Case No. 1:04CV00940 <br> Judge Richard W. Roberts |

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND
SECOND SUPPLEMENTAL COMPLAINT**

Pursuant to Fed.R.Civ.P. 15(a),16(b) and 20, plaintiffs hereby move the Court for leave to amend their Second Supplemental Complaint in order (i) to add as plaintiffs the Cities of Chanute, Kechi, Larned, Lyons and Spearville, all in Kansas; (ii) to add Shell Oil Company ("Shell") as a defendant and to include allegations regarding the grounds for the Court's personal jurisdiction over Shell; (iii) to clarify that the approximately 70 percent of natural gas production which plaintiffs allege that defendants own or control in the aggregate includes both direct and indirect ownership or control; and (iv) to delete certain allegations that are not necessary to plaintiffs' remaining claims.

The Court's Scheduling Order, issued on February 23, 2007 (Dkt. No. 84) provides that motions to amend the complaint and to join parties be filed on or before May 24, 2007. Plaintiffs' motion is, therefore, timely, and the liberal standard contained in Rule 15(a) is applicable rather than the "just cause" standard of Rule 16(b).

Rule 20(a) states in pertinent part that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or

occurrences and if any question of law or fact common to all these persons will arise in the action." Like the 18 original plaintiffs, each of the five cities sought to be added has a natural gas distribution system for which it must purchase natural gas at wholesale for resale to commercial and residential customers within the city's boundaries. The five cities are otherwise similarly situated with the 18 original plaintiffs in the case: indeed, the allegations made by the plaintiffs in the Second Supplemental Complaint pertain equally to the five cities. Therefore, the requirements of Fed.R.Civ.P. 20(a) are met.

Plaintiffs also seek to amend the Second Supplemental Complaint in order to add Shell as a defendant, and to add allegations regarding the grounds for the Court's having personal jurisdiction over Shell. In its memorandum opinion and order dated January 11, 2007 (Dkt. No. 75), granting in part and denying in part defendants' motions to dismiss, the Court ruled that plaintiffs' federal antitrust claims against Coral Energy Resources, L.P., an affiliate of Shell, were barred by the filed rate doctrine.[1] Based on information in the annual reports of Shell's parent company that Shell is involved in the exploration and production of natural gas, plaintiffs submit that the filed rate doctrine is not a bar to suing Shell for alleged violations of the federal antitrust laws based on Shell's wellhead prices, which are not regulated by the Federal Energy Regulatory Commission.

---

[1] Because the Court's January 11 decision was not a final appealable order, it may be revised at any point prior to the entry of final judgment. Plaintiffs' motion for reconsideration of those matters as to which the January 11 decision granted defendants' motion to dismiss is pending before the Court.

2

The within motion is being filed together with a supporting statement of points and authorities, a clean copy of the Amended Second Supplemental Complaint and a copy thereof that has been blacklined to indicate the changes in the text of the original Second Supplemental Complaint.

        Respectfully submitted,

        WHEATLEY & RANQUIST, P.A.

        By: <u>Charles F. Wheatley, Jr.</u>
            Charles F. Wheatley, Jr. #121533
            John F. Woods #234310
            James F. Fairman #14464
            34 Defense Street
            Annapolis, MD 21401
            (410) 266-7524
            (301) 261-8608 (Washington, DC line)
            (301) 261-8699 (fax)
            wheatlaw@aol.com

            Robert C. Huntley
            HUNTLEY PARK, L.L.P.
            250 S. 5th Street, Suite 660
            P.O. Box 2188
            Boise, ID 83702
            (208) 388-1230
            (208) 388-0234 (fax)
            *Attorneys for Plaintiffs*

May 24, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| City of Moundridge, Kansas, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:04CV00940 |
| | Judge Richard W. Roberts |
| Exxon Mobil Corporation, *et al.*, | |
| Defendants. | |

**PLAINTIFFS' STATEMENT OF POINTS AND AUTHORITIES
IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND
SECOND SUPPLEMENTAL COMPLAINT**

Plaintiffs have moved to amend their Second Supplemental Complaint ("Complaint") in order to add as plaintiffs five Kansas cities which have their own municipal natural gas distribution systems and are otherwise similarly situated with the plaintiffs so as to properly join in the allegations made in the Complaint. Plaintiffs have also moved to add Shell Oil Company as a defendant against whom the allegations in the Complaint as proposed to be amended can properly be made.[1] Plaintiffs also seek to add allegations regarding the grounds for the Court's assertion of personal jurisdiction over Shell. In addition, plaintiffs have clarified that defendants' collective ownership or control of approximately 70 percent of U.S. natural gas production includes both direct and indirect (*i.e.*, through other entities) ownership or control. Finally, plaintiffs have

---

[1] In its memorandum opinion and order dated January 11, 2007 (Dkt. No. 75), in which the Court granted in part and denied in part defendants' motion to dismiss, the Court granted the motion to dismiss of defendant Coral Energy Resources, L.P., an affiliate of Shell, on the grounds that federal antitrust claims sought to be asserted against Coral were barred by the filed rate doctrine. The court's order doing so was not, however, a final appealable order within the meaning of Fed.R.Civ.P. 54(b), and plaintiffs' motion for reconsideration of the Court's January 11 decision in this respect is pending.

deleted allegations regarding plaintiffs' being in competition with defendants for the sale of natural gas at the retail level. These allegations are not necessary to support plaintiffs' claims that were not dismissed by the Court.

### ARGUMENT

I. **BECAUSE PLAINTIFFS' MOTION IS TIMELY, THE MORE LIBERAL STANDARD OF RULE 15(a) CONTROLS, NOT THE "JUST CAUSE" STANDARD OF RULE 16(b).**

The Court's Scheduling Order, issued February 23, 2007 (Dkt. No. 84), requires that amendments to the Second Supplemental Complaint be filed on or before, May 24, 2007. Plaintiffs' motion to amend is, therefore timely, and the more liberal standard ("leave shall be freely given when justice so requires") of Fed.R.Civ.P. 15(a) governs, rather than the stricter "good cause" standard of Rule 16(b). *Grochowoski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (once scheduling order is entered, ''lenient standard'' of Rule 15(a) yields to good cause standard of Rule 16(b)); *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 607-608 (9th Cir. 1992) (motion to amend complaint after scheduling order deadline denied because good cause not demonstrated); *accord*, *LaPrade v. Abramson*, No. 97-10, 2006 U.S. Dist. LEXIS 86431, at *18 (D.D.C. Nov. 29, 2006) (Roberts, J.) (rejecting plaintiff's argument that motion to amend should be granted in the interest of justice rejected where no good cause shown for delaying motion far beyond scheduling order deadline, and no showing that defendants would not be prejudiced by the amendments).

II. **THE REQUIREMENTS FOR PERMISSIVE JOINDER UNDER RULE 20(a) ARE MET.**

Fed.R.Civ.P. 20(a) sets forth two requirements for permissive joinder: "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences, and (2) a question of law or fact common to all of the parties must arise in the action." *Radtke v.*

2

*Caschetta*, No. 06-2031, 2007 U.S. Dist. LEXIS 35285, at *4 (D.D.C. May 15, 2007) (quoting *M.K. v. Tenet*, 216 F.R.D. 133, 138 (D.D.C. 2002)).  Whether particular facts constitute a single transaction or occurrence is determined on a case-by-case basis.[2] *Tenet*, *supra*, 216 F.R.D. at 138; *see also Disparte v. Corp. Executive Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004) ("In order to satisfy the first prong of this equation, the claims must be logically related.").

       These requirements are clearly met in the instant case. All of the factual allegations of the Second Supplemental Complaint are just as applicable to the new plaintiffs and new defendant as they are to the existing plaintiffs and defendants. All of the existing and proposed plaintiffs suffered antitrust injury based on price fixing by the existing defendants and the proposed additional defendant that occurred under cover of the 1999 and 2003 NPC Reports and subsequently in the U.S. natural gas market when those companies conspired and agreed to withhold supplies in order to cause artificially high prices for natural gas and to use the insignificant amount of natural gas shut in by Hurricanes Katrina and Rita as a pretext for demanding and obtaining such excessive prices.

       In determining whether amending the complaint is in the interest of justice, courts take into account whether permissive joinder of additional plaintiffs and defendants causes undue delay or is prejudicial to the non-moving parties. *H.L. Hayden Co. of N.Y. v. Siemens Med. Sys. Inc.*, 112 F.R.D. 417, 419-421 (S.D.N.Y. 1986) (delay and prejudice are relevant to Court's deciding motion for leave to amend). Here, there cannot be said to be any undue delay. The case is in the early stages of discovery: plaintiffs have produced documents but defendants have not. Defendants have conducted only two depositions

---

[2] While it is true that the question whether joinder is warranted is within the sound discretion of the district courts, *American Directory Service Agency, Inc. v. Beam*, No. 87-1653, 1988 U.S. Dist. LEXIS 18519, 1988 WL 33502, *3 (D.D.C. March 28, 1988), "[t]he tenor of Rule 15 is to permit amendment [to add parties under Rule 20(a)], subject to the trial judge's denial if the amendment would not be in the interest of justice… [T]he policies underlying the permissive joinder rule are strong and augur toward permitting amendment" Moore's Federal Practice - Civil § 20.02[2][a][iii] (3d ed. 1997) (footnotes omitted).

3

while plaintiffs have yet to conduct any. *See Acme Elec. Corp. v. Sigma Instruments Inc.*, 121 F.R.D. 26, 28-29 (W.D.N.Y. 1988) (allowing amendment to add parties at early stages of discovery). Defendants have plenty of time before the fact discovery cutoff date (November 20, 2007) within which to conduct discovery with respect to the five plaintiffs proposed to be added. Moreover, the existing defendants are hardly prejudiced by having an additional defendant to share the responsibility of contesting plaintiffs' claims. For its part, the additional defendant, Shell, is not prejudiced because it had notice of the suit: "Royal Dutch Shell Group" was originally named as a defendant when the suit was filed in 2004, and was later replaced with Coral Energy Resources, L.P., a corporate affiliate of Shell, in reliance upon the representation of an attorney for the Group that Coral was responsible for all natural gas operations of the Group in the United States. *See Lockett v. General Fin. Loan Co.*, 623 F.2d 1128, 1131 (5th Cir. 1980) (court erred in not allowing complaint to be amended to name parent corporation because parent was on notice of suit against subsidiary).

## CONCLUSION

For all of the foregoing reasons, plaintiffs' motion to amend its Second Supplemental Complaint should be granted.

        Respectfully submitted,

        WHEATLEY & RANQUIST, P.A.

        By: <u>Charles F. Wheatley, Jr.</u>
            Charles F. Wheatley, Jr. #121533
            John F. Woods #234310
            James F. Fairman #14464
            34 Defense Street
            Annapolis, MD 21401
            (410) 266-7524
            (301) 261-8608 (Washington, DC line)
            (301) 261-8699 (fax)
            wheatlaw@aol.com

Robert C. Huntley
HUNTLEY PARK, L.L.P.
250 S. 5th Street, Suite 660
P.O. Box 2188
Boise, ID 83702
(208) 388-1230
(208) 388-0234 (fax)
*Attorneys for Plaintiffs*

May 24, 2007