```
               UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF COLUMBIA
```

|   |   |
|---|---|
| CITY OF MOUNDRIDGE et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 04-940 (RWR) |
| ) | |
| EXXON MOBIL CORP. et al., ) | Under Seal |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

Twenty-three municipalities sued Exxon Mobil Corporation, BP America, Inc., ConocoPhillips Corporation, and Shell Oil Company alleging that they violated federal antitrust laws by agreeing to fix the price of natural gas. A September 30, 2009 memorandum opinion granted defendants' motions for summary judgment and motion to exclude the testimony of Dr. John Wilson. Plaintiffs have filed a motion for reconsideration, arguing that they sufficiently demonstrated that there were genuine issues of fact requiring a jury trial. Because the plaintiffs merely reiterate arguments already made in their oppositions to defendants' motions for summary judgment, their motion for reconsideration will be denied.

### BACKGROUND

The background and history of this case are discussed fully in City of Moundridge v. Exxon Mobil Corp., Civil Action No. 04-

940, 2009 WL 5385975 (D.D.C. Sept. 30, 2009). Briefly, plaintiffs allege that defendants, major producers of natural gas in the United States, have artificially raised the prices of natural gas without legitimate justification. Despite defendants' claims of a dwindling supply of natural gas, plaintiffs maintain that the price increases are artificial, and that the defendants have reaped substantial profits as a result of the price increases. The September 30th opinion granting defendants summary judgment and excluding the testimony of the plaintiffs' expert, Dr. Wilson, found that the plaintiffs had not shown the existence of any genuine issues of material fact as to a conspiracy to fix prices and that Dr. Wilson's opinion was unsupported and speculative. The plaintiffs have moved for reconsideration, arguing that the evidence in the record is sufficient to warrant a jury trial, and that the September 30th opinion misapplied the standard by which a court evaluates a motion for summary judgment.

## DISCUSSION

A court may alter or amend a final judgment under Federal Rule of Civil Procedure 59(e).[1]  However, "[a] Rule 59(e) motion

---

[1] The plaintiffs have not specified in their motion whether they are moving for reconsideration under Federal Rule of Civil Procedure 59(e), which allows a party to file "a motion to alter or amend a judgment[,]" or Rule 60(b), which provides the circumstances under which "the court may relieve a party or its legal representative from a final judgment, order, or proceeding[.]"  Because the plaintiffs seem to be seeking an

to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled." New York v. United States, 880 F. Supp. 37, 38 (D.D.C. 1995). Altering or amending a final judgment is discretionary, and a court need not grant a Rule 59(e) motion unless it "finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Ciralsky v. CIA, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Such a motion is "not routinely granted[,]" Williams v. Savage, 569 F. Supp. 2d 99, 108 (D.D.C. 2008), particularly when "the movant uses the motion to argue theories that were or could have been presented in the initial matter." U.S. Commodity Futures Trading Comm'n v. McGraw-Hill Cos., Inc., 403 F. Supp. 2d 34, 36 (D.D.C. 2005).

The plaintiffs argue that reconsideration is proper because they "have presented evidence of genuine issues of fact requiring a jury trial[.]" (Pls.' Mot. for Reconsideration of Court's Mem. Op. and Order Entered Sep. 30, 2009 Granting Summ. J. to Defs. ("Pls.' Mot.") at 3.) To support their motion, however, the plaintiffs cite no evidence that was not presented in their oppositions to the defendants' motions for summary judgment.

---

amendment to the judgment, their motion will be construed as one under Rule 59(e). See Piper v. U.S. Dep't of Justice, 312 F. Supp. 2d 17, 20 (D.D.C. 2004).

- 4 -

(<u>Compare</u> Pls.' Mot. at 7, 9, 10 n.3, 12 <u>with</u> Pls.' Mem. in Opp'n to Mot. by Exxon Mobil Corp., BP America, Inc. and ConocoPhillips Co. for Summ. J. ("Pls.' Opp'n") at 5, 9, 13, 18 (citing verbatim same evidence that no defendants dissented from the natural gas price listed in the 1999 National Petroleum Council ("NPC") Natural Gas Report, that defendants took action to encourage the NPC to create a new report in 2003 setting a higher price for natural gas, that the 2003 report conflicted with the 1999 report, and that defendants reported increased profits after the price increase).)  Without presenting new evidence, the plaintiffs are merely attempting to relitigate the very arguments and evidence addressed in the September 30th opinion, and they have provided no meritorious basis for reconsideration.

Moreover, the expert report of Dr. Wilson was insufficient to create a genuine issue with respect to any material fact.  Although the plaintiffs correctly note that "an expert's affidavit . . . cannot be excluded solely because it fails to disclose the facts or data underlying the opinion[,]" <u>Ambrosini v. Labarraque</u>, 966 F.2d 1464, 1469 (D.C. Cir. 1992), the September 30th opinion did not exclude Dr. Wilson's testimony for that reason.  Rather, Dr. Wilson's testimony was excluded because he "offer[ed] no explanation to connect [the fact that the defendants participated in the NPC] to his opinion that the defendants engaged in joint action to collude." <u>Moundridge</u>, 2009

WL 5385975, at *12. It was because Dr. Wilson failed to provide the reasoning for the conclusions in his expert report that the September 30th opinion excluded his report as conclusory. See Catalyst & Chem. Servs., Inc. v. Global Ground Support, 350 F. Supp. 2d 1, 10 (D.D.C. 2004) ("Conclusory assertions by expert witnesses are insufficient to allow a party to prevail on a summary judgment motion.").

Additionally, the plaintiffs, citing Poller v. CBS, Inc., 368 U.S. 464, 473 (1962), argue that the September 30th opinion erred in granting summary judgment for the defendants because "summary judgment procedures are rarely applicable to antitrust litigation." (Pls.' Mot. at 3.) Not only do the plaintiffs merely lift the language supporting this argument verbatim from their opposition to the defendants' motion for summary judgment (compare Pls.' Mot. at 3-4 with Pls.' Opp'n at 2-3), but the September 30th opinion properly rejected this argument. The Supreme Court has more recently held in the antitrust context that "the nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*[,]" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks omitted), thus departing from previous cases, such as Poller, that used language suggesting that summary judgment was disfavored in the antitrust context.

Accord <u>Emigra Group, LLC v. Fragomen, Del Rey, Bernsen & Loewy, LLP</u>, 612 F. Supp. 2d 330, 344 n.38 (S.D.N.Y. 2009).

Alternatively, the plaintiffs argue that even if summary judgment procedures are applicable in antitrust proceedings, the September 30th opinion misapplied the summary judgment standard by weighing the evidence in the record instead of determining whether a genuine issue for trial existed. (Pl.'s Mot. at 5-6.) However, the September 30th opinion properly entered summary judgment "against [the] party who fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case[.]" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). All analysis of the plaintiffs' evidence in the September 30th opinion focused on the evidence's sufficiency, not its weight. <u>See, e.g.</u>, <u>Moundridge</u>, 2009 WL 5385975, at *6 ("Even if the plaintiffs' theory for parallel behavior is accepted, the plaintiffs do not offer evidence to support the conclusion that the defendants' pricing decision was not just parallel behavior."); <u>id.</u> at 8 n.8 ("The plaintiffs do not cite to specific evidence that would support a demonstration of a motivation by the defendants to enter into a conspiracy."). The

plaintiffs, therefore, have not shown that reconsideration is necessary to correct a clear error in the September 30th opinion.[2]

## CONCLUSION AND ORDER

The plaintiffs have merely reiterated arguments already made in their oppositions to defendants' motions for summary judgment, and they have provided no meritorious basis for reconsideration. Accordingly, it is hereby

ORDERED that plaintiffs' motion [165] for reconsideration be, and hereby is, DENIED. It is further

ORDERED that the parties file under seal by *May 26, 2010* a joint proposed redacted version of this sealed memorandum opinion and order to be filed on the public docket.

SIGNED this 26th day of April, 2010.

/s/ *signature*
_____
RICHARD W. ROBERTS
United States District Judge

---

[2] The plaintiffs also argue that the reasoning in the September 30th opinion conflicts with the reasoning in a January 11, 2007 memorandum opinion that denied the defendants' motion to dismiss the amended complaint. (Pls.' Mot. at 14-15.) This argument fails to recognize the difference between a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which tests the legal sufficiency of the allegations in the complaint, and a motion for summary judgment under Federal Rule of Civil Procedure 56, which tests whether the non-moving party's evidence creates a genuine issue as to all material facts, such that a trial is warranted. That the defendants' motion to dismiss was denied has no bearing on the merits of the defendants' motions for summary judgment. Pleading sufficient facts to survive a motion to dismiss is not the same burden as presenting sufficient evidence to demonstrate the existence of genuine factual issues.